UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TINA R. TRIGGS,

          Plaintiff,

    v.                                        Case No. 20-CV-407

WISCONSIN DEPARTMENT OF CORRECTIONS,

          Defendant.

## ORDER

Plaintiff Tina Triggs has filed a second Amended Complaint. (ECF No. 38.) The defendant, the Wisconsin Department of Corrections (DOC), requested that the court "screen Triggs's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)." (ECF No. 39 at 1.)

This court screened Triggs's original complaint and granted her request to proceed in forma pauperis in April 2020. (ECF No. 4.) Triggs filed her first amended complaint in May 2020 (ECF No. 5), which the DOC answered (ECF No. 21) and then moved to dismiss. (ECF No. 22). The court granted the DOC's motion, dismissing Triggs's Wisconsin Fair Employment Act (WFEA) claim and her Anti-Age

Discrimination in Employment Act (ADEA) claim. (*See* ECF No. 32 at 8.) The DOC did not move to dismiss Triggs's Title VII claim, so this court allowed that claim to proceed. (*See id.*)

The court consequently issued a scheduling order, allowing the parties until January 4, 2022, to submit amended pleadings. (*See* ECF No. 37.) Triggs filed the second Amended Complaint that is now before this court on January 4, 2022. (*See* ECF No. 38.)

This court is required to screen *all* complaints filed by pro se parties, including amended complaints. *See Salazar v. Hegarty*, No. 07-CV-238, 2008 WL 4682603, at *1 (E.D. Wis. Oct. 22, 2008) (citing 28 U.S.C. § 1915A(a)). Therefore, the court will review Triggs's second Amended Complaint to determine if it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The allegations raised in Triggs's second Amended Complaint supersede those raised in her original complaint and those in her first Amended Complaint, so this court will review only those allegations raised in Triggs's second Amended Complaint. *See Wellness Cmty.-Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995).

That said, there is little difference between Triggs's original complaint and her second Amended Complaint. As in her original complaint, in her second Amended Complaint Triggs asserts that she was employed by the DOC from March 13, 2006, through September 20, 2020. (ECF No. 38 at 2.) She alleges that during her employment

she was "subjected to a hostile work environment, harassment, retaliation, unfair treatment as an employee, and discrimination by co-workers and supervisors based soley (sic) on [her] age, sex, and color." (*Id.* at 3.) She alleges claims against the DOC under both state and federal discrimination laws for age, race, and sex discrimination as well as for retaliation and hostile work environment. (*See id.* at 10 ("All these actions created a hostile work environment, harassment, discrimination, as described in the WIDOC Executive Directive #5 and Employee Handbook Chapter 3. Fair Employee Treatment WI Statute 111.31, retaliation, and wrongful (sic) termination, violation of Employment Act 1967 and Title VII of the Civil Rights Act of 1964, including Sec. 704(c).").)

In previously dismissing Triggs's state discrimination law claims, this court noted that:

> Triggs did not file a (WFEA) complaint with the Wisconsin Department of Workplace Development. Rather, she brought her WFEA claims against her employer, the DOC, directly. The discrimination and retaliation that she alleges in that claim took place before 2009 and after 2017. (ECF No. 5 at 3.) That is not within the 2009–2012 window for bringing a private right of action under the WFEA. Therefore, the DOC's motion to dismiss Triggs's WFEA claims will be granted, and Triggs's WFEA claims will be dismissed.

(ECF No. 32 at 5.) In her second Amended Complaint Triggs describes receiving "frivolous disciplines" several times in 2009 and several times in 2011. (*See* ECF No. 38 at 3.) She does not describe these "disciplines" further. Without more, Triggs has failed to sufficiently allege that she was discriminated against between 2009 and 2012. Because

3

Triggs has failed to allege a claim for discrimination that took place within the 2009–2012 window for bringing a private right of action under the WFEA, Triggs's state law discrimination claim cannot proceed and is again dismissed. *See Velyov v. Frontier Airlines, Inc.*, No. 14-C-0071, 2014 WL 5312656, at *3 (E.D. Wis. Oct. 16, 2014) (footnotes omitted).

Triggs also claims that in 2009 she reached out to then-Warden Gary Mitchell to inform him of the harassment and hostile environment that she was being subjected. (ECF No. 38 at 3.) She claims to have contacted the Equal Employment Opportunity Commission (EEOC) in October 2009. (*Id.*) She does not connect her conversation with Mitchell or her contact with the EEOC to any sort of retaliatory action that was taken against her between 2009 and 2012. Because Triggs has failed to allege a retaliation claim that took place within the 2009–2012 window for bringing a private right of action under the WFEA, her state law retaliation claim cannot proceed and is again dismissed. *See Velyov*, 2014 WL 5312656, at *3.

Triggs also alleges that she was discriminated against based on her "age." (ECF No. 38 at 3.) This court previously concluded that Triggs's ADEA claim must be dismissed because the DOC is immune from claims brought under the ADEA. (*See* ECF No. 32 at 6.) In her second Amended Complaint Triggs lists the ages of several younger employees, presumably to suggest that these younger employees were treated more favorably than she was. (*See, e.g.*, ECF No. 38 at 4 (describing a co-worker who was

granted time off for an interview as being in his "late 20s-30 yrs of age").) But she does not allege any facts to suggest that the DOC waived its sovereign immunity. *See Peirick v. Indiana Univ.-Purdue Univ. 6 Indianapolis Athletics Dep't*, 510 F.3d 681, 695 (7th Cir. 2007) (describing the three ways that a state agency may waive sovereign immunity). Therefore, Triggs's ADEA claim cannot proceed and is again dismissed.

Regarding her Title VII claim, in her second Amended Complaint Triggs alleges she was "subjected to a hostile work environment, harassment, retaliation, unfair treatment as an employee, and discrimination by co-workers and supervisors based soley (sic) on my age, sex, and color." (ECF No. 38 at 3.) She describes how she "received multiple frivolous disciplines," including one occasion where she and another co-worker were disciplined for being late but the other co-worker—a white female— was "given the opportunity to make-up her lost time" and eventually "received no discipline." (*Id.* at 3-4.) She also describes an occasion where she requested "time off to partake in an interview" and had her request denied, while a white male co-worker in the "same situation as [hers]" had his request granted. (*Id.* at 4.) And she describes an opportunity for a promotion where her superior decided "not to continue to follow [the] past practice of promotions," alleging that the change "favored the white males." (*Id.* at 8.)

She explains that she "endured a tremendous amount of stress and anxiety throughout [her] years of employment." (ECF No. 38 at 8.) She saw different doctors,

was prescribed different medications, and was even placed on "on a stress leave of absence." (*Id.*) She claims to have received "reprimands" while on that leave of absence, when she "wasn't even working," and describes how she was eventually "medically terminated from [her] job of 14 years." (*Id.* at 9, 10.) She claims her termination was "a retaliatory act because of the complaint filed against the department." (*Id.* at 10.)

"[A] plaintiff alleging employment discrimination under Title VII may allege these claims quite generally." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Even after *Twombly*, to state an employment discrimination claim a plaintiff need aver only that an employer took an adverse action due to the plaintiff's protected status. *See id.* at 1084 (discussing *Equal Employment Opportunity Commission v. Concentra Health Services, Inc.*, 496 F.3d 773 (7th Cir. 2007)). Triggs's second Amended Complaint identifies the type of discrimination that she thinks occurred (gender and racial), by whom (the DOC), and when (from 2007-2013 when she received "30 unjust and challenged disciplines," in 2016 when she was denied time off for an interview, and in 2019 when she was denied a promotion). *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010). Therefore, in her second Amended Complaint Triggs has sufficiently alleged a claim for employment discrimination under Title VII. Triggs's Title VII claims can proceed.

**IT IS THEREFORE ORDERED** that the plaintiff's WFEA claim and ADEA claims are dismissed with prejudice. The plaintiff can proceed with her Title VII claims.

6
Case 2:20-cv-00407-WED   Filed 01/20/22   Page 6 of 7   Document 40

**IT IS FURTHER ORDERED** that the defendant's motion for screening of the plaintiff's amended complaint (ECF No. 39) is dismissed as moot.

Dated at Milwaukee, Wisconsin this 20th day of January, 2022.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge